# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# DISTRICT OF MARYLAND

NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA
FEDERAL PUBLIC DEFENDER

NICHOLAS J. VITEK
STAFF ATTORNEY

August 22, 2008

**Crack Reduction – Status Report**

The Honorable Andre M. Davis
United States District Judge
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

  Re: United States v. Craig Jones
     Case No: AMD 90-0099

Dear Judge Davis:

  Please accept and docket this letter as a status report regarding Mr. Jones potential eligibility for a motion for reduction in sentence based on Amendment 706 to the Federal Sentencing Guidelines (the "crack" amendment). Mr. Jones's projected release dates is May 26, 2014.

  On March 20, this Honorable Court appointed the Office of the Federal Public Defender to preliminarily review Mr. Jones's case to determine if he is eligible to seek a reduction in sentence. United States Probation has reviewed Mr. Jones's case and believes that he is ineligible because his sentence involved more than 4.5 kilos of cocaine base. However, **probation is incorrect**. Mr. Jones was sentenced at a base level of <u>34</u> (150-500 grams of cocaine base) with a three level enhancement.

  When Mr. Jones's presentence report was completed, probation calculated a base offense level of 40 based on there being more than 4.5 kilos of cocaine base and added a three level upward adjustment for being a supervisor or manager. <u>See</u> PSR ¶¶26, 30. Thus, probation's calculation was 43 with a criminal history category of III. <u>See</u> PSR ¶ 46. According to probation, the applicable guideline range would have been life. However, the Court did not sentence Mr. Jones to life. Rather, the Court found that Mr. Jones was not responsible for 4.5 kilos of cocaine base and determined that his total offense level was only 37 with a criminal history category of III. <u>See</u> J&C Report to Sentencing Commission dated July 2, 1991. Mr. Jones's applicable guideline range was 262-327 months, and the Court sentenced him to 327 months.

  The Court was explicit when sentencing Mr. Jones that he was responsible for only 150-500 grams of cocaine base. <u>See</u> Sentencing Transcript of Craig Jones on July 2, 1991, page 28:4 (holding that Mr. Jones had "...knowledge of 150 to 500 grams of cocaine base..."). Consequently, the Court

went on to conclude "that there is no doubt that there was a **base level of 34 applicable to Jones**." Id. at 28:16-17 (emphasis added).  The Court then found "that a three-point increase [] appropriate" for Mr. Jones as he was a manager or supervisor pursuant to U.S.S.G. § 3B1.1(B). Id. at 30:21-22.  Thus, the total offense level was only 37 and not 43.  The applicable guideline range for level 37 was 262-327 month and the Court sentenced Mr. Jones at the top of that range to 327 months. Id.

Mr. Jones's base offense level was 34 based on his knowledge of 150-500 grams of cocaine base during the course of the conspiracy.  The Sentencing Commission has amended the guideline range for 150-500 grams of cocaine base and lowered the base offense level to 32.  With a three level point increase, Mr. Jones total offense level is 35 with an **amended guideline range of 210-262 months**.  Mr. Jones has already served 252 months of his sentence.  Thus, Mr. Jones respectfully moves this Court to sentence him to time served.

Such a reduction is warranted in Mr. Jones case.  For the nearly two decades that Mr. Jones has been incarcerated, he has devoted himself to becoming a positive and productive member of society.  Knowing that a high school diploma is essential to finding a job once released, Mr. Jones worked toward and received his high school diploma in 1997.  Mr. Jones has steadily built up the skills he will need once released, including Certificate of Achievements for his proficiency in interview preparation and for his work in several financial workshops in budgeting and home finance.

But Mr. Jones has also been on a spiritual journey and has devoted much of his time to the study of the Bible.  Mr. Jones has several certificates for his study of Christianity from the Mailbox Club.  It is from this spiritual journey that Mr. Jones derives the strength to remain an active parent to his son, who was just 14 months old when he was incarcerated.  This is of particular importance of Mr. Jones's because Mr. Jones never benefitted from a positive male role model because his own father passed away just before Mr. Jones was born.  Now Mr. Jones's own son, now a teenager, stands at the precipice of adulthood and will soon be making decisions that may impact him for life.  One of Mr. Jones's proudest achievements is the Certificate of Achievement he received for his work in the course of Active Teen Parenting.

A sentence of time served (equivalent to 252 months) is warranted in this case, and is a sentence that is certainly sufficient but not greater than necessary to meet the requirements of 18 U.S.C. § 3553(a).

A proposed order is attached.

Sincerely yours,

/s/

Nicholas J. Vitek
Staff Attorney

Barbara Sale, AUSA
Estelle Santana, USPO
Craig Jones, #27373-037
Court File